United States District Court
Southern District of Texas

**ENTERED**

January 06, 2021

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MELODY D. MCGOWAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:20-CV-282** |
| | § | |
| **ANDREW SAUL,** *Commissioner of* | § | |
| *Social Security Administration,* | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Melody D. McGowan ("Plaintiff") filed this suit against Defendant Andrew Saul ("Commissioner") seeking review of the denial of disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A). (Dkt. No. 1.) Pending before the Court[1] are the parties' cross-motions for summary judgment. (Dkt. Nos. 10, 11.) Based on the briefing, record, and relevant law, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment be **GRANTED**, Commissioner's Motion for Summary Judgment be **DENIED**, and the case be **REMANDED** for further proceedings.

## I.    BACKGROUND

Plaintiff is a 43-year-old woman who studied floral design and previously worked as a secretary, office manager, and administrative assistant. (R. at 48, 57.)[2] Plaintiff has struggled with

---

[1] On July 1, 2020, the District Judge referred the entire case to the Magistrate Judge for full pretrial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 9.)

[2] The Administrative Record in this case can be found at Dkt. No. 5.

anxiety and obsessive rituals since she was fifteen years old, and she has been unable to maintain a job because her conditions interfere with her productivity and employment relationships. (R. at 49-50, 375.)

On July 13 and August 3, 2017, Plaintiff filed applications under Titles II and XVI of the Social Security Act, respectively, seeking benefits beginning on June 30, 2017 for Obsessive Compulsive Disorder ("OCD"), anxiety, and depression. (R. at 66, 184, 188.)[3] The Social Security Administration denied Plaintiff's claims initially on October 19, 2017 and again on reconsideration on February 8, 2018. (R. at 116, 144.) On February 21, 2018, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (R. at 126.) ALJ D'Lisa Simmons held a hearing on October 24, 2018. (R. at 44-65.) Plaintiff testified at the hearing. (R. at 47-59.) Wallace A. Stanfill, a vocational expert ("VE"), also testified. (R. at 59-65.)

On December 5, 2018, the ALJ denied Plaintiff's application for benefits, finding Plaintiff not disabled at Step Five of the evaluation process. (R. at 27-38.)[4] At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since her alleged onset date. (R. at 29.) At Step Two, the ALJ found Plaintiff has the following severe impairments: OCD and depression. (R. at 30.) The ALJ also found that Plaintiff has hypertension, hypothyroidism, neck strain, acute maxillary sinusitis, allergies, morbid obesity, and anxiety, but that these impairments are not

---

[3] The ALJ misstated these dates in her decision. (*See* R. at 27.) However, as Commissioner points out, these mistakes are not material to the issues before the Court.

[4] In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520).

severe. (R. at 30.) At Step Three, the ALJ found Plaintiff's impairments do not rise to the level of severity of impairments in the listings associated with depressive, bipolar, and related disorders (Listing 12.04) or anxiety and obsessive-compulsive disorders (Listing 12.06). (R. at 31-32.) The ALJ found Plaintiff has the Residual Functional Capacity ("RFC") to perform a full range of exertional work with several non-exertional limitations, as described below. (R. at 32-36.) At Step Four, the ALJ found Plaintiff is unable to perform her past relevant work as an office manager, secretary, or customer service representative. (R. at 36.) At Step Five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform—such as retail stocker, mail clerk, and sorter—and therefore Plaintiff is not disabled as defined under the Social Security Act. (R. at 36-37.)

Plaintiff appealed the ALJ's decision to the Appeals Council on January 7, 2019. (R. at 182.) On November 15, 2019, the Appeals Council denied Plaintiff's request for review. (R. at 1-6.) The ALJ's decision, therefore, represents the Commissioner's final decision in the case. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000) ("[Social Security Administration] regulations provide that, if . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision."). On January 21, 2020, Plaintiff filed this civil action under 42 U.S.C. § 405(g) seeking reversal of the ALJ's decision and an award of benefits or, in the alternative, remand for further proceedings. (Dkt. No. 1.)

## II.    STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner on a social security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Our review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the

proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822-23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. The court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

Summary judgment in social security cases, like others, is governed by Federal Rule of Civil Procedure 56. *See Temple v. Saul*, No. 19-CV-3320, 2020 WL 6075644, at *2 (S.D. Tex. Oct. 14, 2020). Under Rule 56, summary judgment is proper when the record reflects that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." FED. R. CIV. P. 56(a). "When parties file cross-motions for summary judgment, [courts] review each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Cooley v. Hous. Auth. of City of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014) (quotations omitted).

### III.    DISCUSSION

Plaintiff identifies three errors that she contends render the decision unsupported by substantial evidence: (1) the ALJ erred at Step Three in evaluating whether she meets the listing requirements for her mental health conditions; (2) the ALJ failed to include all of her limitations in the RFC finding, particularly a limitation on her ability to handle different items; and (3) the jobs the ALJ determined Plaintiff can perform at Step Five conflict with her RFC. (Dkt. No. 10.) As to Plaintiff's first argument, the Court finds the ALJ did not commit a reversible error at Step Three in evaluating whether Plaintiff meets the listing requirements. However, as to Plaintiff's second argument, the Court finds the ALJ's RFC analysis is not supported by substantial evidence. Given that the Court finds remand appropriate, it need not reach Plaintiff's third argument.[5]

### A.    The ALJ Did Not Commit Reversible Error At Step Three.

Plaintiff's first assignment of error—that the ALJ erred at Step Three—can be divided into two parts. First, Plaintiff argues the ALJ erred by failing to evaluate the paragraph B and C requirements for her depression (Listing 12.04) and OCD (Listing 12.06). (Dkt. No. 10 at 7-8.) Commissioner contends that the ALJ did evaluate the paragraph B and C criteria for both listings

---

[5] *See Littleton v. Comm'r of Soc. Sec.*, No. 16-CV-14, 2017 WL 1397128, at *6 (S.D. Tex. Feb. 22, 2017) ("Plaintiff may raise any appropriate arguments before the Commissioner on remand."); *see also Miller v. Saul*, No. 18-CV-1519, 2019 WL 5010621, at *9 (S.D. Tex. Aug. 12, 2019) (addressing only the argument that required remand), *report and recommendation adopted*, 2019 WL 4994530 (Oct. 7, 2019).

and that the ALJ's failure to specifically reference Listing 12.06 in her paragraph B discussion and Listing 12.04 in her paragraph C discussion constitutes a harmless error. (Dkt. No. 11 at 8-9.) The Court agrees with Commissioner.

Second, Plaintiff argues the ALJ erred by failing to consider all of the relevant evidence, particularly Plaintiff's function report, lay evidence from Plaintiff's mother and friend, and an opinion from Plaintiff's psychologist, Hanh Vo, Ph.D. ("Dr. Vo"). (Dkt. No. 10 at 8-30.)[6] According to Plaintiff, this failure caused the ALJ to erroneously conclude she has only moderate paragraph B limitations and does not meet the listing criteria. (*Id.*) Commissioner contends the ALJ did not err by failing to discuss Dr. Vo's opinion because it is conclusory and not based on objective findings, and the ALJ did not err in failing to discuss lay evidence because it is cumulative of Plaintiff's own testimony. (Dkt. No. 11 at 10-11.) Commissioner also contends that Plaintiff merely recites her medical records and fails to explain how they support the listing criteria. (*Id.* at 11.) Again, the Court agrees with Commissioner.

### 1. The ALJ's Step Three analysis

At Step Three of the evaluation process, the ALJ must determine whether a claimant's impairments meet or equal the listing criteria as set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Sullivan v. Zebley*, 493 U.S. 521, 529-30 (1990). If so, the claimant is presumed disabled. *Id.* at 532; *see also Reyna v. Colvin*, No. 14-CV-147, 2015 WL 1515251, at *2 (N.D. Tex. Apr. 1, 2015). A claimant bears the burden of establishing that every requirement of the relevant listing—generally referred to as "paragraphs"—is met. *Smith v. Berryhill*, No. 18-CV-

---

[6] These pieces of evidence, in Plaintiff's view, corroborate the findings of psychiatrist Huiping Xu ("Dr. Xu") and consultative examiner Meagan Houston, Ph.D. ("Dr. Houston") that her OCD is debilitating. (Dkt. No. 10 at 22-30.)

2490, 2019 WL 3557586, at *5 (S.D. Tex. July 11, 2019), *report and recommendation adopted*, 2019 WL 3548850 (Aug. 5, 2019). "The criteria in the medi[c]al listing are demanding and stringent, and an impairment that manifests only some of those criteria, no matter how severely, does not qualify as a disability." *Heck*, 674 F. App'x at 414-15 (quotations and citations omitted) (alterations omitted); *see also Whitehead v. Colvin*, 820 F.3d 776, 781 (5th Cir. 2016).

Listing 12.04 provides the criteria for depressive, bipolar, and related disorders and Listing 12.06 provides the criteria for anxiety and obsessive-compulsive disorders. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 §§ 12.04 & 12.06. Both listings are divided into paragraphs A, B, and C: paragraph A describes the medical diagnoses and symptoms that must be present in the record; paragraph B outlines four categories of mental functioning used to evaluate a claimant's work limitations caused by the disorder; and paragraph C outlines the criteria used to determine whether the mental disorder is serious and persistent. *Id.* § 12.00(A)(2). In other words, "[t]he criteria in paragraph A substantiate medically the presence of a particular mental disorder" and "[t]he criteria in paragraphs B and C describe impairment-related functional limitations that are incompatible with the ability to do any gainful activity." *Willingham v. Comm'r of Soc. Sec. Admin.*, No. 12-CV-242, 2014 WL 1050286, at *3 n.3 (E.D. Tex. Mar. 14, 2014) (quotations omitted). To meet either Listing 12.04 or 12.06, a claimant must satisfy the requirements of paragraphs A and B or paragraphs A and C. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(A)(2); *Baker v. Berryhill*, No. 18-CV-686, 2019 WL 4418439, at *4 (N.D. Tex. Apr. 11, 2019), *report and recommendation adopted*, 2019 WL 2865045 (July 3, 2019).

Paragraph B requires a claimant to exhibit extreme limitation in one area or marked limitation in two areas of mental functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4)

adapting or managing oneself. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(A)(2)(b). An extreme limitation exists when a claimant is unable to function independently, appropriately, effectively, and on a sustained basis, and a marked limitation exists when a claimant is seriously limited in these areas. *Id.* § 12.00(F)(2). Paragraph C requires a claimant to show a medically documented history of the disorder for at least two years, reliance on medical treatment to diminish symptoms, and only marginal adjustment to the requirements of daily life—*i.e.*, the claimant has "minimal capacity to adapt to changes in . . . environment." *Id.* § 12.00(G); *see also id.* § 12.00(A)(2)(c).

Here, the ALJ determined Plaintiff does not meet or equal the relevant listing criteria. (R. at 31.) The ALJ found Plaintiff does not satisfy paragraph B requirements because she has only moderate limitations in each of the four areas of mental functioning, rather than marked or extreme limitations as required. (R. at 31-32.) The ALJ also found Plaintiff does not satisfy paragraph C requirements because she does not have difficulty completing simple or complex tasks or performing activities of daily living such as chores, shopping, and handling finances. (R. at 32.)

## 2. The ALJ's failure to specifically reference both listings in relation to paragraphs B and C was harmless.

As stated above, Plaintiff argues it was unclear whether the ALJ evaluated the paragraph B and C criteria for both Listings 12.04 and 12.06. (Dkt. No. 10 at 7-8.) The ALJ did fail to specify that she evaluated paragraph B for Listing 12.06 and paragraph C for Listing 12.04.[7] However, "[p]rocedural perfection in administrative proceedings is not required" and a court "will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d

---

[7] *See* R. at 31 ("The severity of the claimant's mental impairments . . . do not meet or medically equal the criteria of listing 12.04. In making this finding, I considered whether the 'paragraph B' criteria were satisfied."); R. at 32 ("I also considered whether the 'paragraph C' criteria were satisfied for listing 12.06.").

1362, 1364 (5th Cir. 1988). In other words, Plaintiff must demonstrate the error alleged was prejudicial—or that it "cast[s] into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988); *see also Audler v. Astrue*, 501 F.3d 446, 448-49 (5th Cir. 2007) (requiring plaintiff to show prejudice from Step Three error).

Any error here did not prejudice Plaintiff. The ALJ's Step Three analysis shows that she actually considered evidence of Plaintiff's OCD in relation to paragraph B[8] and depression in relation to paragraph C,[9] even if she did not explicitly cite both listings in her discussion of each paragraph. Moreover, paragraphs B and C are exactly the same for both Listings 12.04 and 12.06, *see* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 §§ 12.04(B)-(C) & 12.06(B)-(C), so consideration of one necessarily includes consideration of the other. Because there is no indication the failure identified by Plaintiff affected her substantial rights, any error was harmless. *See Saleeba v. Berryhill*, No. 17-CV-3538, 2019 WL 1386817, at *5 (S.D. Tex. Mar. 5, 2019) (finding ALJ's failure to mention Listing 12.02 harmless because the paragraph B and C criteria for Listings 12.03 and 12.04— which the ALJ did discuss—apply equally to Listing 12.02), *report and recommendation adopted*, 2019 WL 1383030 (Mar. 26, 2019); *Lara v. Berryhill*, No. 16-CV-3322, 2017 WL 5952725, at *5 (S.D. Tex. Nov. 28, 2017) (finding the ALJ's failure to specifically evaluate plaintiff under Listing 12.04 harmless because the ALJ did discuss paragraph criteria for Listing 12.06, which "apply with equal force" to paragraph criteria for Listing 12.04).[10]

---

[8] R. at 31-32 (noting in paragraph B analysis that Plaintiff's "obsessive rituals cause[] her to lose focus and prevent[] her from completing tasks," that she has "contamination fears and [does] not handle changes in routine well," and that she constantly needs to change clothes).

[9] R. at 32 (noting in paragraph C analysis that Plaintiff believes she can complete simple and complex tasks and participate in activities of daily living).

[10] Plaintiff also argues it is unclear whether the ALJ ruled on "symptom criteria" and references an exhibit containing the paragraph A criteria for each listing. (Dkt. No. 10 at 7, 37-38.) The ALJ did not reference paragraph A in her discussion. (*See* R. at 31-32.) However, Plaintiff

### 3.   The ALJ appropriately considered the evidence of record and the Step Three determination is supported by substantial evidence.

Next, Plaintiff argues the ALJ failed to consider her function report, letters from her mother and friend, and an opinion by Dr. Vo, which Plaintiff believes corroborate her allegations and demonstrate that she meets the paragraph B criteria for Listings 12.04 and 12.06. (Dkt. No. 10 at 8-30.) While these pieces of evidence do describe how Plaintiff's OCD has impacted her life and ability to maintain employment,[11] Plaintiff's argument lacks merit.

First, "the ALJ is not always required to do an exhaustive point-by-point discussion" of each piece of evidence at every step. *Audler*, 501 F.3d at 448; *see Charland v. Astrue*, No. 08-CV-1072, 2010 WL 624047, at *3 (N.D. Tex. Feb. 22, 2010) ("The ALJ is not statutorily or judicially obligated to explicitly list all the evidence he or she takes into account[.]"). In fact, "[t]he ALJ's failure to mention a particular piece of evidence does not necessarily mean that he failed to consider it," *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005), and courts routinely decline to find reversible error when the ALJ explicitly states he considered the entire record in the decision. *See Brunson v. Astrue*, 387 F. App'x 459, 461 (5th Cir. 2010) ("The fact that the ALJ cited certain evidence that he felt supported his decision does not mean that he failed to consider

---

does not meet the paragraph B requirements, as described below, and does not substantively challenge the ALJ's paragraph C findings. Therefore, this is at most a harmless error. *See Bridget B. P. v. Saul*, No. 18-CV-835, 2019 WL 4805948, at *5 (N.D. Tex. Sept. 30, 2019) (finding it unnecessary to discuss paragraph A of listings 12.04 and 12.06 because the ALJ properly determined plaintiff did not meet paragraph B and plaintiff made no paragraph C arguments); *Evans v. Colvin*, No. 12-CV-676, 2014 WL 3823994, at *1 (M.D. La. Aug. 4, 2014) ("The ALJ committed a harmless error when he did not explain whether the plaintiff failed to meet requirements under Paragraph A . . . because such an analysis would not have changed the outcome.").

[11] The letter from Plaintiff's mother states Plaintiff cleans excessively, washes her hands "over and over," and avoids being near others. (R. at 285-286.) The letter from Dr. Vo states that Plaintiff "is currently receiving counseling for her OCD, depression and anxiety," and "[h]er conditions are longstanding and debilitating." (R. at 316.)

all of the other evidence in the record. To the contrary, his decision states expressly that it was made '[a]fter careful consideration of all the evidence,' and we see no reason or evidence to dispute his assertion."); *Tyler v. Saul*, No. 19-CV-187, 2020 WL 4462527, at *4 (N.D. Tex. Aug. 4, 2020).

Here, the ALJ stated multiple times that she considered all of the evidence of record. (R. at 28, 32, 36.) Even without these assertions, the ALJ was not required to assess the lay evidence from Plaintiff's mother and friend because it may be unreliable and is cumulative of Plaintiff's testimony.[12] Likewise, the ALJ was not required to discuss Dr. Vo's letter because it is conclusory, provides almost no information about Plaintiff's conditions, and opines on issues reserved for the Commissioner.[13] Finally, contrary to Plaintiff's assertion, the ALJ did discuss her function report and actually cited it nine times in the Step Three analysis. (*See* R. at 31-32.) Accordingly, the ALJ did not err in failing to consider the evidence identified by Plaintiff.

Second, the Court finds the ALJ's Step Three determination supported by substantial evidence. In conducting this analysis, the question is not whether there is evidence that Plaintiff satisfies Listing 12.04 or 12.06, but rather whether there is more than a "mere scintilla" of evidence to support the ALJ's finding that Plaintiff does not meet either listing. *See Casillas v. Colvin*, No. 15-CV-12, 2016 WL 3162146, at *4 (W.D. Tex. June 3, 2016) ("Plaintiff argues that the record

---

[12] *See Harrell v. Bowen*, 862 F.2d 471, 482 (5th Cir. 1988) (noting, in relation to letters written by plaintiff's friends and family, that "observations of an individual, particularly a lay person, may be colored by sympathy for the affected relative or friend[.]"); *Sholars v. Colvin*, No. 15-CV-1753, 2016 WL 7757394, at *12 (S.D. Tex. July 22, 2016) ("The ALJ may reject lay witness testimony as subject to influence. Therefore, the ALJ didn't abuse his discretion in not assessing [statements made by plaintiff's sister, mother, and daughter], especially [because] the statements were cumulative of [plaintiff's] testimony and Function Report.") (citation omitted).

[13] *See* 20 C.F.R. § 404.1520b(c)(3) (noting that certain statements, such as whether a claimant is or is not able to perform regular work or whether a claimant meets the duration requirement for disability, are reserved for the Commissioner). Such statements, according to the regulations, are "neither valuable nor persuasive" and the ALJ need not "provide any analysis about how [he] considered such evidence in [his] determination or decision." *Id.* § 404.1520b(c).

evidence indicates that Plaintiff's impairment(s) meet the criteria in Listing 1.04A. The Court, however, reviews only whether there is substantial evidence to support the ALJ's determination that Plaintiff's impairment did not meet or equal a listing impairment.") (citation omitted); *Barnes v. Astrue*, No. 07-CV-4377, 2008 WL 5348225, at \*11 (S.D. Tex. Dec. 22, 2008) ("The issue is not how much evidence supports a finding of disability, but, rather, whether substantial evidence supports the ALJ's finding that Plaintiff was not disabled."). The Court cannot "reweigh the evidence, try the issues *de novo*, or substitute [its] judgment for that of the [Commissioner]." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

The ALJ here cited evidence and adequately explained her reasons for assigning Plaintiff only moderate limitations in each of the four paragraph B mental functioning areas. (*See* R. at 31-32.)[14] Plaintiff fails to explain why this evidence is insufficient. Moreover, Plaintiff does not explain why the other evidence she cites demonstrates marked limitations in two areas or extreme limitations in one area of mental functioning, as required under paragraph B. In fact, Plaintiff does not even identify which functioning areas she believes exhibit marked or extreme limitations.[15] It

---

[14] In finding moderate limitations in understanding, remembering, or applying information, the ALJ cited Plaintiff's function report and noted that she can pay bills, count change, handle a savings account, and use a checkbook. (R. at 31.) In finding moderate limitations in interacting with others, the ALJ cited Dr. Houston's consultative exam and noted that Plaintiff is close with her family and gets along well with authority figures. (R. at 31.) In finding moderate limitations in concentrating, persisting, or maintaining pace, the ALJ cited Plaintiff's function report and noted that her contamination fears and stress levels do not amount to more than a moderate limitation. (R. at 31-32.) In finding moderate limitations in adapting or managing herself, the ALJ cited Plaintiff's function report and noted she can assist with household chores, drive a car, and shop in stores. (R. at 32.)

[15] This is with one exception: Plaintiff argues she has marked limitation in concentrating, persisting, and maintaining pace. (Dkt. No. 10 at 11.) However, marked limitation in one area is not enough to meet the paragraph B criteria. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(A)(2)(b).

is not the Court's burden to connect the evidence with the paragraph B criteria.[16] The Court, therefore, finds that the ALJ's Step Three determination is based on substantial evidence and recommends it be affirmed. *See, e.g.*, *Townsend v. Colvin*, No. 14-CV-654, 2016 WL 1306283, at *5-7 (S.D. Miss. Mar. 31, 2016) (affirming ALJ's decision because, even if he erred in failing to adequately explain the Step Three determination, plaintiff did not satisfy her burden of demonstrating she met a listing and the decision was based on substantial evidence).

### B.  The ALJ Erred In Determining Plaintiff's Residual Functional Capacity ("RFC").

Plaintiff next argues the ALJ's RFC findings fail to encompass all of her limitations, particularly her inability to touch or handle different items due to her OCD. (Dkt. No. 10 at 33-35.) Plaintiff points out that the VE testified this limitation, along with others the ALJ found applicable, eliminates all possible jobs she can perform. (*Id.* at 34.) Commissioner argues the overall RFC is supported by substantial evidence, particularly by Plaintiff's scarce mental health treatment records, normal or unremarkable mental status examinations, and the opinions of state-agency medical consultants ("SAMCs"), which the ALJ afforded significant weight. (Dkt. No. 11 at 14-20.) Commissioner also notes that the ALJ incorporated some of Dr. Houston and Dr. Xu's restrictive limitations into the RFC findings, even though she afforded their opinions little weight overall. (*Id.* at 19.) The Court agrees with Plaintiff.

---

[16] *See Heck*, 674 F. App'x at 415 ("[O]n appeal Heck fails to explain how her symptoms align with the criteria of the Appendix [for Listing 12.04]. She cites testimony about her medical history at length, but does not show how this medical evidence demonstrates that she meets each of the required criteria under the Appendix medical listing. Accordingly, she has not met her burden to demonstrate that her disability meets the [listing] criteria[.]"); *De Leon v. Berryhill*, No. 18-CV-185, 2019 WL 404176, at *5 (W.D. Tex. Jan. 31, 2019) (finding ALJ's determination plaintiff did not meet Listing 12.04 or 12.06 supported by substantial evidence because, while plaintiff cited her medical history at length, she did not demonstrate how the evidence met each requirement under the listings).

### 1. The ALJ's RFC analysis

Before reaching Step Four of the evaluation process, the ALJ must determine a claimant's RFC. 20 C.F.R. § 404.1520(a)(4).[17] RFC is a "determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1)). This evidence includes, but is not limited to, "medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations." *Roe v. Astrue*, No. 11-CV-226, 2013 WL 490676, at *4 (N.D. Tex. Feb. 8, 2013); *see Hollis v. Bowen*, 837 F.2d 1378, 1386-87 (5th Cir. 1988) ("A person's [RFC] is determined by combining a medical assessment of an applicant's impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work.").

"The ALJ is responsible for determining an applicant's residual functional capacity." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); *see also Taylor*, 706 F.3d at 602-03. "The relative weight to be given the evidence contained in the record is within the ALJ's discretion [and] the ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record." *Fleming v. Saul*, No. 19-CV-701, 2020 WL 4601669, at *4 (W.D. Tex. Aug. 10, 2020) (citing *Chambliss v. Massanari*, 269 F.3d 520, 523 & n.1 (5th Cir. 2001) and *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988)). The ALJ is also responsible for resolving conflicts in the evidence. *Chambliss*, 269 F.3d at 522. Nevertheless, the RFC determination, like all other

---

[17] "The claimant's RFC is used at both steps four and five of the sequential analysis: at the fourth step to determine if the claimant can still do his past relevant work, and at the fifth step to determine whether the claimant can adjust to any other type of work." *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1520(e)).

determinations made by the ALJ, must be supported by substantial evidence. *Ramos v. Astrue*, No. 11-CV-1457, 2012 WL 1020194, at *4 (E.D. La. Feb. 27, 2012), *report and recommendation adopted*, 2012 WL 1019123 (Mar. 26, 2012); *Majkut v. Astrue*, No. 08-CV-92, 2009 WL 3110210, at *4 (N.D. Tex. Sept. 28, 2009).

Here, the ALJ determined Plaintiff can perform a full range of work at all exertional levels, with certain non-exertional limitations. (R. at 32.) The ALJ limited Plaintiff to performing detailed but not complex work with three or four step instructions, occasional interaction with coworkers and supervisors, no contact with the public, and no fast-paced or strict production quotas. (R. at 32-33.) Most relevant to this appeal, the ALJ also found Plaintiff's work environment "should not include sharing of office equipment or work space." (R. at 33.) The ALJ did not include an RFC limitation on Plaintiff's ability to handle different items, nor did she discuss this issue in her analysis.

In making the RFC determination, the ALJ reviewed Plaintiff's testimony, relevant opinions from Dr. Houston, Dr. Xu, and the SAMCs, and medical evidence from other physicians. (R. at 33-36.)[18] The ALJ pointed out several times that, although Plaintiff alleges she is unable to sit on furniture due to fear of contamination, neither Dr. Houston nor Dr. Xu noted Plaintiff had

---

[18] The ALJ recognized that Dr. Houston diagnosed Plaintiff with OCD and anxiety disorder and found that she has difficulty understanding, remembering, and applying information in a work setting, following two-step instructions, and getting along with supervisors and coworkers. (R. at 35.) However, the ALJ assigned Dr. Houston's opinion little weight because it was inconsistent with the record and Plaintiff's self-reports. (R. at 35-36.) The ALJ also recognized that Dr. Xu found Plaintiff has difficulty leaving her home due to anxiety and opined that Plaintiff is unable to work due to her cleaning rituals. (R. at 35.) However, the ALJ assigned Dr. Xu's opinion little weight because it was inconsistent with the record and Plaintiff's testimony that she can manage her finances, drive a car, shop in stores, and eat fast food. (R. at 35.) Instead, the ALJ gave significant weight to the SAMCs' opinions, who found Plaintiff had only moderate limitations in functioning. (R. at 35.)

difficulty sitting on furniture in their offices. (R. at 35; *see also* R. at 34 ("Dr. Houston did not note any indication of refusal to sit on furniture or touch anything."); R. at 36 ("Dr. Houston failed to provide any indication that the claimant refused to sit on furniture or touch anything during her exam.").) The ALJ also pointed out that Plaintiff told Dr. Xu her panic attacks are triggered by red spots resembling blood, but that she expressed "no such concerns" to Dr. Houston several months earlier. (R. at 35.) In other words, the ALJ appeared to decide that Plaintiff's fears of contamination are not credible to the extent alleged. Nevertheless, as stated above, the ALJ found Plaintiff's work environment should not include sharing of office equipment or work space. (R. at 33.)

> **2. Given the lack of clarity on "handling different items," the absence of relevant objective evidence, and the significance of Plaintiff's testimony, the Court cannot find the RFC supported by substantial evidence.**

As a threshold matter, the difference between a limitation of "no sharing of office equipment"—which the ALJ did include—and "no handling of different items"—which Plaintiff believes should have been included—is not readily apparent. Neither party explains the difference between these two limitations, and the Court's own research has provided little insight into the matter. However, it is clear from the hearing transcript that there is a difference: the ALJ's first hypothetical to the VE included only the limitation of no sharing of office equipment, but her second hypothetical "added a further restriction of no handling of different items." (R. at 61-62.) The VE then testified that there are jobs in the national economy Plaintiff can perform under the first hypothetical, but not under the second. (R. at 61-64.) Although the ALJ explained that "no sharing of office equipment or workspace" is an environment without "people hoteling and sharing offices and sharing computers," she did not explain what "no handling of different items" means. (R. at 61.) The Court presumes that it relates to portable items such as merchandise, paperwork,

tools, or other products. However, the Court is reluctant to formulate its own definition in this context, as it may determine whether Plaintiff is entitled to benefits.

There is little, if any, evidence in the record that Plaintiff can handle different items. Most of the objective findings or evaluations pertain to Plaintiff's general mental status and do not necessarily speak to the particular limitation at issue. For example, during a doctor's visit on May 3, 2016 for wheezing and shortness of breath, Mohammad Siddiqi, M.D. ("Dr. Siddiqi") found Plaintiff's affect and demeanor were appropriate and noted she was negative for anxiety and depression. (R. at 346-347.) Dr. Siddiqi made similar notes on Plaintiff's anxiety and depression at three other visits, all of which pertained to physical complaints such as neck pain. (R. at 349, 352, 355.) Likewise, the SAMCs who evaluated Plaintiff's disability claims found the severity of her allegations not entirely consistent with the medical records, but made no mention of her ability to handle different items or even share office equipment. (*See* R. at 66-76, 90-101.)

The objective evidence more directly on point supports Plaintiff's position. Dr. Houston and Dr. Xu both found that Plaintiff's fears of contamination impact her ability to work.[19] Assuming the ALJ was entitled to give these opinions little weight, it was inconsistent to do so while also relying on the fact that neither physician noted Plaintiff refused to sit on office furniture or touch other items. Moreover, the fact that Plaintiff did not demonstrate a particular behavior during psychological assessments—especially those the ALJ discounted—is of limited value and does not constitute substantial evidence that Plaintiff can handle different items. *See Warren v.*

---

[19] *See* R. at 304-308 (Dr. Houston's discussion of Plaintiff's OCD symptoms, such as excessive hand washing and disinfecting, which she found to be "chronic and pervasive and may cause significant impairment in . . . social and occupational functioning"); R. at 372 (Dr. Xu's opinion that "[Plaintiff] has significant 'OCD' symptoms [and] is unable to work in a working environment due to frequent [hand washing]").

*Comm'r*, No. 19-CV-302, 2020 WL 5849869, at *3 (E.D. Tex. Oct. 1, 2020) ("The ALJ acted within his discretion by finding the consultants' testimony unpersuasive, but this does not explain why the Plaintiff's RFC excludes manipulative limitations. Because the ALJ's RFC does not account for all the Plaintiff's limitations resulting from her impairments, it is not supported by substantial evidence.").[20]

Plaintiff's subjective complaints also cast doubt on her ability to handle different items. Plaintiff spends most of her day cleaning, does not cook due to fear of "touching certain items," and is scared to handle the broom or vacuum. (R. at 245-253.) She washes her hands at least fifty times per day, always carries Clorox wipes or other sanitizing products so she can clean doorknobs and light switches, changes clothes four times per day, and stays in her bedroom to avoid contact with items others have touched. (R. at 50-51, 53.)[21] While such subjective evidence may not necessarily take precedence over objective evidence, *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990), it is the evidence most applicable to Plaintiff's ability to handle different items and does not directly conflict with the objective record evidence. Moreover, the ALJ failed to explain why she found Plaintiff's allegations credible enough to require a restriction on sharing office equipment but not on handling different items. The Court sees no reason or evidence that Plaintiff

---

[20] Commissioner cites gaps in Plaintiff's treatment records to argue substantial evidence supports the RFC determination. (Dkt. No. 11 at 15.) However, the ALJ did not consider the existence of treatment gaps in formulating the RFC, and thus it cannot be used now to support the findings. *See Newton*, 209 F.3d at 455 ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]"); *Warren*, 2020 WL 5849869, at *3 n.1 (rejecting Commissioner's "attempt[] to minimize Plaintiff's limitations by citing medical records outside the ALJ's decision to justify the ALJ's exclusion of [certain] limitations in the RFC").

[21] Plaintiff also testified that her contamination fears have impacted her ability to maintain a job. (R. at 49-50 (explaining that her need to clean objects others have touched—including applications and paperwork—keeps her from working because it decreases her productivity); R. at 57 (explaining that she cannot work alone in the back of a store because, for example, if she drops something on the floor she is unable to pick it up).)

can do one and not the other. If the ALJ was simply giving Plaintiff the benefit of the doubt by incorporating an extra limitation into the RFC, as Commissioner argues, she should have explained this in her analysis. *See Hernandez v. Berryhill*, No. 16-CV-2561, 2017 WL 3447862, at *5 (N.D. Tex. June 20, 2017) (noting the court was "not at liberty to speculate as to the apparent discrepancy" between conclusions made by the ALJ), *report and recommendation adopted*, 2017 WL 3425723 (Aug. 9, 2017).[22]

Given these issues, the Court finds the RFC is not supported by substantial evidence. *See, e.g.*, *Thomas v. Berryhill*, No. 17-CV-2031, 2019 WL 691026, at *7 (S.D. Tex. Jan. 30, 2019) (finding RFC not supported by substantial evidence because it excluded limitations demonstrated by plaintiff's testimony and a letter from her doctor), *report and recommendation adopted*, 2019 WL 669900 (Feb. 15, 2019); *Pena v. Astrue*, No. 14-CV-914, 2015 WL 10550964, at *9-11 (S.D. Tex. Dec. 30, 2015) (finding ALJ's decision not based on substantial evidence in part because it was "not expressly clear from the decision what evidence and symptoms the ALJ *did* or *did not* credit (and to what degree)"), *report and recommendation adopted*, 2016 WL 1223318 (Mar. 23, 2016); *Watkins v. Astrue*, No. 11-CV-617, 2013 WL 5328155, at *8 (M.D. La. Sept. 20, 2013) (noting lack of clarity regarding demands of plaintiff's past work compared to her RFC precluded meaningful judicial review and finding ALJ's decision not based on substantial evidence).

---

[22] Commissioner also argues that Plaintiff's activities of daily living support the RFC. (Dkt. No. 11 at 17.) The ALJ did cite Plaintiff's ability to handle finances, drive, shop, and eat fast food in the RFC analysis. (R. at 35.) However, Plaintiff testified that she can only eat from two restaurants and often skips meals if it triggers her OCD. (R. at 57-58.) She cannot shop without performing obsessive cleaning rituals. (R. at 249, 305, 375-376.) Although Plaintiff handles her finances, she does not touch cash. (R. at 250.) These activities, therefore, do not justify excluding a limitation on handling different items from the RFC. *See Frazier v. Astrue*, No. 09-CV-179, 2010 WL 2541088, at *11 (S.D. Tex. June 21, 2010) (finding ALJ's mental RFC not supported by substantial evidence in part because plaintiff's activities of daily living, such as walking alone in the woods, were consistent with his allegations of PTSD).

As a result, the questions posed to the VE did not incorporate all of Plaintiff's limitations, and reliance on the VE's testimony cannot stand. *See Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001). In fact, the VE testified that an individual with the limitations ultimately found by the ALJ—who also could not handle different items—could not perform any jobs in the national economy. (R. at 62-64); *see Castleberry v. Berryhill*, No. 16-CV-3104, 2017 WL 7796206, at *12-13 (S.D. Tex. Oct. 3, 2017) (finding prejudice where VE testified that certain limitations not found by the ALJ, but which were potentially applicable to plaintiff, would result in no jobs in the national economy plaintiff could perform), *report and recommendation adopted*, 2017 WL 7796189 (Nov. 1, 2017). "Because the foundation for the Commissioner's Step Five determination was premised upon a residual functional capacity which is not supported by substantial evidence, the court further finds that the Commissioner's ultimate conclusion that plaintiff is not disabled, is likewise not supported by substantial evidence." *Williams v. Astrue*, No. 09-CV-130, 2010 WL 989216, at *4 (W.D. La. Mar. 15, 2010). The case, therefore, should be remanded.[23]

## IV.   CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment (Dkt. No. 10) be **GRANTED**, Commissioner's Motion for Summary Judgment (Dkt. No. 11) be **DENIED**, and the case be **REMANDED** for further proceedings.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written

---

[23] The Court does not express an opinion on whether the RFC must ultimately include a limitation on handling different items; it only finds that additional evidence or clarification on the issue is necessary. Therefore, the Court recommends remanding for further proceedings rather than directing an award of benefits. *See Williams*, 2010 WL 989216, at *5.

objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on January 6, 2021.

Sam S. Sheldon
United States Magistrate Judge